Richard C. Conover (Montana Bar #2178)
**LAW OFFICES OF RICHARD C. CONOVER**
104 East Main, Suite 404
P.O. Box 1329
Bozeman, MT  59771-1329
Telephone: (406) 587-4240
Facsimile: (406) 587-4330
richard.conover1@gmail.com

Christopher J. Schwegmann (Texas Bar # 24051315)
(motion for *pro hac vice* admission pending)
e-mail: cschwegmann@lynnllp.com
Mark E. Turk (Texas Bar # 00786298)
(motion for *pro hac vice* admission pending)
e-mail: mturk@lynnllp.com
**LYNN TILLOTSON PINKER & COX LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 981-3837
Facsimile: (214) 981-3839

*Attorneys for Plaintiff*

## IN UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA, BILLINGS DIVISION

| | |
|---|---|
| **ALL AMERICAN PHARMACEUTICAL AND NATURAL FOODS CORP.,** | **COMPLAINT FOR DECLATORY RELIEF** |
| **Plaintiff,** | **JURY TRIAL REQUESTED** |
| v. | Case No.: |
| **THERMOLIFE INTERNATIONAL, LLC,** | Honorable Judge |
| **Defendant** | |

Page **1** of **12**

## NATURE OF THE ACTION

1. All American Pharmaceutical and Natural Foods Corporation ("All American") seeks a declaratory judgment that its Nytric EFX, K-Otic and other dietary supplement products do not infringe United States Patent Nos. 6,646,006; 6,117,872; 7,452,916; 5,945,452; 5,852,058; 5,891,459; 5,861,168; 5,428,070 (the "Patents-in-Suit"). This relief is necessary because Defendant ThermoLife International, LLC ("ThermoLife") has threatened to file a patent infringement action against All American, as it has done with at least 20 other dietary supplement companies and distributors. *See* April 22, 2013 Letter from counsel for ThermoLife ("Exhibit A").

## THE PARTIES

2. Plaintiff, All American, is a corporation organized and existing under the laws of the State of Montana, and has its principal place of business at 2376 Main Street, Billings, Montana, 59105.

3. Upon information and belief, Defendant, ThermoLife is a limited liability company organized and existing under the laws of Arizona, with a place of business at 1811 Ocean Front Walk in Venice, California, 90291.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 2201, 1331, and 1338(a).

5. The Court has general and specific personal jurisdiction over ThermoLife. ThermoLife has engaged in continuous and systematic activities within the State of Montana. In

addition, ThermoLife threatened to sue All American for patent infringement in a letter sent to its principal place of business in Billings, Montana.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

**FACTS**

7. All American is a leading manufacturer of dietary, food and nutritional supplements, including the products sold under the trademarks Nytrix EFX Pro and K-Otic.

8. All American manufactures, markets and sells Nytrix EFX Pro and K-Otic in the State of Montana.

9. Nytrix EFX Pro and K-Otic contain Dextro-Cyclodized™ Arginine Alpha-Ketoglutarate ("AKG").

10. Nytrix EFX Pro and K-Otic are not intended to diagnose, treat, cure, or prevent any disease.

11. On April 22, 2013, counsel for ThermoLife sent a letter to All American's offices in Billings Montana (the "Accusation of Infringement") alleging that ThermoLife is the exclusive licensee of the Patents-in-Suit and that these patents "relate to the use of arginine and related ingredients in dietary supplement products such as [All American's] Nytric EFX Pro and K-Otic products . . ." (Exhibit A at 1.)

12. The Accusation of Infringement states that "ThermoLife has, over the last several weeks, filed about 20 patent infringement actions in the United States District Court for the Southern District of California against supplement companies using the patented compositions and methods in their arginine containing products." (*Id.*)

13. The Accusation of Infringement also asserts that All American infringes the Patents-in-Suit and threatens that ThermoLife will "proceed to litigation [against All American] in a federal patent infringement action." (*Id.* at 1 – 2.)

## FIRST CLAIM FOR RELIEF

*Declaration of Noninfringement U.S. Patent No. 5,428,070*

14. United States Patent Nos. 5,428,070 ("'070 Patent") issued on June 27, 1995. The Board of Trustees of Leland Stanford, Jr. University ("Stanford University") is listed as the assignee of the '070 Patent. A true and correct copy of the '070 Patent is attached as Exhibit B.

15. Upon information and belief, ThermoLife is the exclusive licensee of the '070 Patent from Stanford University and has been given the right to institute suit with respect to infringement of the '070 Patent.

16. The '070 Patent is entitled Treatment of Vascular Degenerative Diseases by Modulation of Endogenous Nitric Oxide Production of Activity and purports to be directed to a method of inhibiting the development of atherosclerosis and restenosis through the administration of L-arginine.

17. There is an actual, substantial, continuing, and justiciable controversy between All American and Thermolife regarding whether All American infringes the '070 patent by manufacturing, marketing and selling dietary supplement products containing L-arginine.

18. All American, does not infringe, has not infringed, and cannot infringe directly, by inducement, or contributorily, any claim in the '070 patent.

19. Accordingly, All American is entitled to a declaratory judgment that it does not infringe any claim of the '070 patent.

## SECOND CLAIM FOR RELIEF

*Declaration of Noninfringement U.S. Patent No. 5,852,058*

20. United States Patent Nos. 5,852,058 ("'058 Patent") issued on December 22, 1998. Stanford University is listed as the assignee of the '058 Patent. A true and correct copy of the '058 Patent is attached as Exhibit C.

21. Upon information and belief, ThermoLife is the exclusive licensee of the '058 Patent from Stanford University and has been given the right to institute suit with respect to infringement of the '058 Patent.

22. The '058 Patent is entitled Intramural Delivery of Nitric Oxide Enhancer for Inhibiting Lesion Formation after Vascular Injury and purports to be directed to a method of performing angioplasty or atherectomy in which L-arginine or L-lysine is introduced intramurally into the vascular vessel.

23. There is an actual, substantial, continuing, and justiciable controversy between All American and Thermolife regarding whether All American infringes the '058 patent by manufacturing, marketing and selling dietary supplement products containing L-arginine.

24. All American, does not infringe, has not infringed, and cannot infringe directly, by inducement, or contributorily, any claim in the '058 patent.

25. Accordingly, All American is entitled to a declaratory judgment that it does not infringe any claim of the '058 patent.

**THIRD CLAIM FOR RELIEF**

*Declaration of Noninfringement U.S. Patent No. 5,861,168*

26. United States Patent Nos. 5,861,168 ("'168 Patent") issued on January 19, 1999. Stanford University is listed as the assignee of the '168 Patent. A true and correct copy of the '168 Patent is attached as Exhibit D.

27. Upon information and belief, ThermoLife is the exclusive licensee of the '168 Patent from Stanford University and has been given the right to institute suit with respect to infringement of the '168 Patent.

28. The '168 Patent is entitled Intramural Delivery of Nitric Oxide Enhancer for Inhibiting Lesion Formation after Vascular Injury and purports to be directed to a method of reducing the probability of restenosis resulting from vascular injury.

29. There is an actual, substantial, continuing, and justiciable controversy between All American and Thermolife regarding whether All American infringes the '168 patent by manufacturing, marketing and selling dietary supplement products containing L-arginine.

30. All American, does not infringe, has not infringed, and cannot infringe directly, by inducement, or contributorily, any claim in the '168 patent.

31. Accordingly, All American is entitled to a declaratory judgment that it does not infringe any claim of the '168 patent.

**FOURTH CLAIM FOR RELIEF**

*Declaration of Noninfringement U.S. Patent No. 5,891,459*

32.     United States Patent Nos. 5,891,459 ("'459 Patent") issued on April 6, 1999. Stanford University is listed as the assignee of the '459 Patent. A true and correct copy of the '459 Patent is attached as Exhibit E.

33.     Upon information and belief, ThermoLife is the exclusive licensee of the '459 Patent from Stanford University and has been given the right to institute suit with respect to infringement of the '459 Patent.

34.     The '459 Patent is entitled Enhancement of Vascular Function by Modulation of Endogenous Nitric Oxide Production or Activity and purports to be directed to a method of improving vascular nitric oxide activity of the vascular system of a human host.

35.     There is an actual, substantial, continuing, and justiciable controversy between All American and Thermolife regarding whether All American infringes the '459 patent by manufacturing, marketing and selling dietary supplement products containing L-arginine.

36.     All American, does not infringe, has not infringed, and cannot infringe directly, by inducement, or contributorily, any claim in the '459 patent.

37.     Accordingly, All American is entitled to a declaratory judgment that it does not infringe any claim of the '459 patent.

**FIFTH CLAIM FOR RELIEF**

*Declaration of Noninfringement U.S. Patent No. 5,945,452*

38.     United States Patent Nos. 5,945,452 ("'452 Patent") issued on August 31, 1999. Stanford University is listed as the assignee of the '452 Patent. A true and correct copy of the '452 Patent is attached as Exhibit F.

39.     Upon information and belief, ThermoLife is the exclusive licensee of the '452 Patent from Stanford University and has been given the right to institute suit with respect to infringement of the '452 Patent.

40.     The '452 Patent is entitled Treatment of Vascular Degenerative Diseases by Modulation of Endogenous Nitric Oxide Production or Activity and purports to be directed to a method of inhibiting the development of atherosclerosis, restenosis or thrombosis in the vascular system of a human host susceptible to atherosclerosis, restenosis or thrombosis.

41.     There is an actual, substantial, continuing, and justiciable controversy between All American and Thermolife regarding whether All American infringes the '452 patent by manufacturing, marketing and selling dietary supplement products containing L-arginine.

42.     All American, does not infringe, has not infringed, and cannot infringe directly, by inducement, or contributorily, any claim in the '452 patent.

43.     Accordingly, All American is entitled to a declaratory judgment that it does not infringe any claim of the '452 patent.

**SIXTH CLAIM FOR RELIEF**

*Declaration of Noninfringement U.S. Patent No. 6,117,872*

44. United States Patent Nos. 6,117,872 ("'872 Patent") issued on September 12, 2000. Stanford University is listed as the assignee of the '872 Patent. A true and correct copy of the '872 Patent is attached as Exhibit G.

45. Upon information and belief, ThermoLife is the exclusive licensee of the '872 Patent from Stanford University and has been given the right to institute suit with respect to infringement of the '872 Patent.

46. The '872 Patent is entitled Enhancement of Exercise Performance by Augmenting Endogenous Nitric Oxide Production or Activity and purports to be directed to enhancing the physical performance of a mammal prior to said physical performance.

47. There is an actual, substantial, continuing, and justiciable controversy between All American and Thermolife regarding whether All American infringes the '872 patent by manufacturing, marketing and selling dietary supplement products containing L-arginine.

48. All American, does not infringe, has not infringed, and cannot infringe directly, by inducement, or contributorily, any claim in the '872 patent.

49. Accordingly, All American is entitled to a declaratory judgment that it does not infringe any claim of the '872 patent.

**SEVENTH CLAIM FOR RELIEF**

*Declaration of Noninfringement U.S. Patent No. 6,646,006*

50. United States Patent Nos. 6,646,006 ("'006 Patent") issued on September 12, 2000. The Stanford University is listed as the assignee of the '006 Patent. A true and correct copy of the '006 Patent is attached as Exhibit H.

51. Upon information and belief, ThermoLife is the exclusive licensee of the '006 Patent from Stanford University and has been given the right to institute suit with respect to infringement of the '006 Patent.

52. The '006 Patent is entitled Enhancement of Vascular Function by Modulation of Endogenous Nitric Oxide Production or Activity and purports to be directed to physiologically acceptable compounds which enhance the level of endogenous nitric oxide or other intermediaries in the nitric oxide induced relaxation pathway of the host.

53. There is an actual, substantial, continuing, and justiciable controversy between All American and Thermolife regarding whether All American infringes the '006 patent by manufacturing, marketing and selling dietary supplement products containing L-arginine.

54. All American, does not infringe, has not infringed, and cannot infringe directly, by inducement, or contributorily, any claim in the '006 patent.

55. Accordingly, All American is entitled to a declaratory judgment that it does not infringe any claim of the '006 patent.

**EIGHTH CLAIM FOR RELIEF**

*Declaration of Noninfringement U.S. Patent No. 7,452,916*

56. United States Patent Nos. 7,452,916 ("'916 Patent") issued on September 12, 2000. Stanford University is listed as the assignee of the '916 Patent. A true and correct copy of the '916 Patent is attached as Exhibit I.

57. Upon information and belief, ThermoLife is the exclusive licensee of the '006 Patent from Stanford University and has been given the right to institute suit with respect to infringement of the '916 Patent.

58. The '916 Patent is entitled Enhancement of Vascular Function by Modulation of Endogenous Nitric Oxide Production or Activity and purports to be directed to a method of enhancing nitric oxide production.

59. There is an actual, substantial, continuing, and justiciable controversy between All American and Thermolife regarding whether All American infringes the '916 patent by manufacturing, marketing and selling dietary supplement products containing L-arginine.

60. All American, does not infringe, has not infringed, and cannot infringe directly, by inducement, or contributorily, any claim in the '916 patent.

61. Accordingly, All American is entitled to a declaratory judgment that it does not infringe any claim of the '916 patent.

**REQUEST FOR RELIEF**

All American respectfully requests the Court to enter judgment in favor of All American:

a. declaring that All American does not infringe any of the Patents-in-Suit;

b. finding that this case is exceptional;

    c.  awarding reasonable costs and attorneys' fees incurred in connection with this action; and

    d.  for such other and further relief as the Court deems just and proper.

Dated May 16, 2013

          <u>/s/ Richard C.Conover</u>
          Richard C. Conover
          **LAW OFFICES OF RICHARD C. CONOVER**

          and

          Christopher J. Schwegmann
          (motion for *pro hac vice* admission pending)
          **LYNN TILLOTSON PINKER & COX LLP**

          Mark E. Turk
          (motion for *pro hac vice* admission pending)
          **LYNN TILLOTSON PINKER & COX LLP**

          Attorneys for Plaintiff All American
          Pharmaceutical and Natural Foods Corp.

Defendant's Address:

ThermoLife International
1811 Ocean Front Walk
Venice, California  90201